1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| EDWARD CARRILLO, JR.,<br><br>    Petitioner,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Respondents. | No. CIV 08-520-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Respondents have filed a Response and an Amended Declaration and Petitioner has filed a Reply.

*Factual and Procedural Background*

Petitioner Edward Carrillo, Jr., ("Carrillo") was arrested by the Maricopa County Sheriff's Department on state fraud charges on March 2, 2005. He was released on bond on March 4, 2005. Carrillo was again arrested on state fraud charges on July 19, 2005. Carrillo was sentenced by the State of Arizona to a term of five years imprisonment on July 28, 2006. Carrillo received 374 days of presentence credit on his Arizona sentence. Carrillo is projected to complete this sentence on August 15, 2009.

On September 20, 2006, Carrillo was brought into federal custody via a writ of habeas corpus ad prosequendum. Carrillo was sentenced to a 37 month term of imprisonment, to be followed by three years of supervised release, for mail fraud in violation of 18 U.S.C. § 1342

in the District of Arizona on February 5, 2007.  This sentence was ordered to run concurrently with Carrillo's Arizona sentence.  Carrillo's federal sentence is projected to be completed on October 8, 2009.  Carrillo was returned to state custody on February 14, 2007.

On September 18, 2008, Carrillo filed his Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody.  Carrillo asserts that time spent in custody prior to his sentencing should be credited against his federal sentence.  On November 4, 2008, Respondents filed an Answer and Response and, on November 21, 2008, filed an Amended Declaration.  On November 21, 2008, Carrillo filed a Reply.

*Jurisdiction of the Court*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), *quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).  In the case of a habeas petition, such jurisdiction is dependent upon a proper characterization of the petition.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez*, 204 F.3d at 864.  Therefore, this Court's jurisdiction depends upon a proper characterization of Carrillo's claims.  Carrillo is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted).  Such a challenge must be brought pursuant to § 2241 in the custodial court.  Carrillo being incarcerated at the Arizona State Prison complex in Tucson, Arizona, this Court is the custodial court.  This Court has jurisdiction over this matter.

*Exhaustion of Administrative Remedies*

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). Respondents having not asserted that Carrillo has failed to exhaust his administrative remedies, the Court will review the Petition.

*Credit for Pre-Sentence Incarceration*

The calculation of a term of imprisonment may include credit for prior custody:

> (b)  Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>   (1)  as a result of the offense for which the sentence was imposed;
>
>   or
>
>   (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *see also Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988), *per curiam*.

Moreover, a federal sentence does not begin when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992); *Thomas v. Brewer*, 923 F.2d 1361 (9th Cir. 1991). Federal custody does not begin until the state authorities relinquish the prisoner on satisfaction of the state obligation. *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir.

1 1992); *Whalen*. The sovereign which first arrested an offender has primary jurisdiction over
2 that offender, unless that sovereign relinquishes it to another sovereign (through, for
3 example, bail release, dismissal of the state charges, parole release, or expiration of state
4 sentence). *See e.g., United States v. Warren*, 610 F.2d 680 (9th Cir. 1980). Borrowing a
5 prisoner from state custody which is the primary custodian via a writ of habeas corpus ad
6 prosequendum does not result in the original sovereign relinquishing its primary jurisdiction.
7 Additionally, the United States Supreme Court has determined that the United States
8 Attorney General continues to retain authority to award presentence jail credit, not the district
9 courts. *Wilson*, 503 U.S. at 337.

10 Carrillo received 374 days of presentence credit towards his State of Arizona
11 sentence. Indeed, Carrillo has acknowledged that he has received this credit. Reply, p. 2.
12 This credit included the period of time from July 19, 2005, to July 27, 2006. Carrillo has not
13 alleged or shown that time in official detention prior July 28, 2006, has not been credited
14 against his state sentence. Moreover, from October 20, 2006, through February 14, 2007,
15 Carrillo remained in primary custody of the State of Arizona. In other words, Carrillo was
16 not in official detention as a result of the offense for which the sentence was imposed.
17 Moreover, Carrillo has not alleged or shown that he was in custody for any other charge for
18 which the defendant was arrested *after* the commission of the offense for which the sentence
19 was imposed.

20 Carrillo has received credit toward the state sentence. Unlike *United States v. Smith*
21 318 F.Supp.2d 857 (C.D.Cal. 2004), the documentation before the Court shows that 18
22 U.S.C. § 3585(b) is inapplicable. Further, Carrillo's reliance on *Ruggiano v. Reish*, 307 F.3d
23 121 (3rd Cir. 2002), is misplaced. *Ruggiano* found that a federal sentence does not begin to
24 run when a prisoner is transferred from state to federal custody pursuant to a writ of habeas
25 corpus ad prosequendum. 307 F.3d at 126. Rather, the state retains primary custody of the
26 prisoner. *Rios v. Wiley*, 201 F.3d 257, 274 (3rd Cir. 2000). The *Ruggiano* decision was
27 based on the authority of a sentencing court to recognize time served for another offense
28

- 4 -

1  under U.S.S.G. §5G1.3(c).[1]  Carrillo has not alleged that the court that sentenced him sought
2  to grant any such credit.

3       Carrillo also argues that the time served in state custody was the product of federal
4  law enforcement officials such that the state jail time is the practical equivalent of a federal
5  time. *United States v. Harris*, 876 F.2d 1502 (11th Cir. 1989). However, even if Carrillo
6  could sustain his burden to show that the time in state custody was *exclusively* the product
7  of federal law enforcement officers, *id*. at 1506, such credit is only available if 18 U.S.C. §
8  3585(b) is applicable (i.e., if Carrillo had not already received credit against his state
9  sentence). *See Vega v. United States*, 493 F.3d 310 (3rd Cir. 2007).

11  *Concurrent Sentences*

12       Carrillo further asserts that he is entitled to additional credit because the plea
13  agreement in the state proceedings provided for concurrent sentences. However, Carrillo's
14  federal sentence is running concurrently with his state sentence. *See* Petition, Attachment
15  D. However, the concurrent nature of the sentences did not begin until Carrillo received his
16  federal sentence on February 5, 2007. *See e.g., Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998)
17  (sentence does not commence when it is imposed, but when defendant is received into
18  custody or arrives at facility at which he is to serve sentence). Until the time of Carrillo's
19  federal sentencing, there was no federal sentence to run concurrent with Carrillo's state
20  sentence. Carrillo has not shown any basis for any further credit towards his sentence.

22       Accordingly, IT IS ORDERED:
23       1.    The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED
24  and this matter is DISMISSED WITH PREJUDICE.

---

[1] The Court notes that numerous decisions have disapproved of *Ruggiano* and/or recognized its abrogation. *See e.g., United States v. Destio*, 153 Fed.Appx. 888 (3rd Cir. 2005); *United States v. Simmons*, 450 F.Supp.2d 574 (Ed.D.Pa. 2006).

2. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 3rd day of February, 2009.

_____
Cindy K. Jorgenson
United States District Judge